Justin Wiley v. Mattei, 24-1261 Good afternoon. May it please the Court, Robert Lewis for the appellants, William Mattei and Tracy Mattei. This case puts to this Court an important question regarding jurisdiction. You're going to have to speak up. I'm sorry, Judge. This case puts forth before the Court an important question regarding jurisdiction. Particularly, specifically, whether Article III standing requirements of case in controversy are applicable in the bankruptcy court. Now, we know that the bankruptcy jurisdiction is derivative of the district court. And we also know that the district courts basically have exclusive jurisdiction. So there's a circuit split on this issue. I'm sorry, Judge. There's a circuit split on this issue. The circuits are split. But if we find that in any event there's Article III standing, right, then we don't have to resolve the circuit split. That's correct. Okay. So why is that, why is there not Article III standing here? There's no more. Given the fact that there is a claim, unextinguished, that was founded in the circuits court. And you are trying with this request for a discharge to extinguish the claim. Because the Well, isn't that a concrete injury that's redressable by a judicial fine? Because the bankruptcy court found that there is no debt owed by the metes to the estate of Keyon. Well, debt is different from a claim. But they're coextensive. If you, in order to have a claim, you have to have a debt, you have to have something, you have to have a debt. Well, a right to payment is what it says, right? A right, there is no right to payment here. All there is is a claim, which was also the bankruptcy court held that they went through the circuit court record, actually, and held that there is no debt. She went through the fraud claim. There's two grounds for the claim, fraud and misappropriation. And in the record, at J875, and continuing on, the court dismissed all the 523 claims, which were basically the surrogates court claims put into the bankruptcy court. That's all that was. It was an identical claim. So when she did that, several things happened. Number one, by holding that there is no debt, there was no claim. And if there's no debt or claim, you can't be a creditor. I'm sorry. Are you suggesting that a debt and a claim are, practically speaking, the same? They're not exactly the same, but you have to have one to have the other. If you don't have a debt, you certainly don't have a claim. And here she said there's no debt. She went through each of these arguments in her decision, her bench decision. So, as I understand it, a claim is defined as a, quote, right to payment, whether or not such right is reduced to judgment, contingent, disputed, or undisputed. So that is different from a debt, correct? It is slightly different from a debt, correct. Yes. All right. You're suggesting to me that there is no difference, practically speaking, between a claim or a debt. Well, a debt is a liability on a claim. That's what 101-4 says. That's a liability on a claim. So all I'm focused on is that word claim, and maybe we're confusing some things here because you make a statutory standing argument. You also make an Article III standing argument. Correct. Focused on the Article III standing argument. That's right. But that also relates to a possible claim that might or may or may not be extinguished, no? Well, the claim itself, well, first of all, the claim was extinguished because Judge Beckerman clearly decided that there was no debt. In other words, she went through all the elements of the claims asserted by the Kiana State, and she found there was no debt as a result. It's a rather elegant sort of sequence. If there's no debt, there can't be a claim. And if you don't have either of those, you can't be a creditor and you can't have standing. That's the way it works. You have to have both, the coextensive debt and claim. You have to have one to have the other. And that's where the district court got it wrong because you can't have a claim without debt. Now, furthermore, if the court finds that the Article III case in controversy requirement is applicable to the bankruptcy court, it's my assertion that they don't meet the Lujan requirement, which is injury in fact, which is traceable to the Mateys and redressable by a court. Now, in this instance, she found that the Mateys said the only debt that was owed was owed by the estate of Angela Matey, not the Mateys. The Mateys did nothing here. And by the way, in this instance, because there's no debt, there's nothing owed to the estate of Keon by my clients if there's no debt. She's held that there's no debt. So in this instance, they don't have a stake in the litigation. That's part of the argument. If they don't have a debt, they have no stake in no – they have no stake in the game. They have no reason to be involved here because people who are not owed a debt are not eligible to be a creditor in a bankruptcy. Now, the courts can also use the person to grieve test on the 727C, C1, and not address the Article III, but we believe this is an Article III case, where there's no case in controversy here. This debt – there is no debt, and therefore the claim is essentially expunged for the most part. Although not specifically by the judge, but she did hold there's no debt. Okay. Is there anything further? No, Your Honor. Thank you. Thank you very much. And you reserve some time for rebuttal. So we'll hear from your friend on the other side. May it please the Court. Good afternoon, Your Honor. Rosalina DiNucci. I represent the appellee in this matter. We ask that the Court affirm and that the creditor in this case does have standing. Why? Why? Well, the words debt and claim, especially in the bankruptcy context, are not synonymous. We do have a claim. There was a proof of claim filed here, which is deemed valid until objected to. And this case actually, the underlying Chapter 7 bankruptcy case, has not been fully administered by the trustee yet. There have been no objections to the proof of claim that had been filed. There's also proceeding that's currently pending in the surrogate court with claims that are still valid. And at this point, they're still outstanding. And none of those have been... Adjudicated. Adjudicated determined. That's correct, Your Honor. Okay. And so your position is that is enough, at least with respect to the injury, potential injury? Exactly, Your Honor. Why? As far as what hasn't been adjudicated yet? Yeah. Well, as far as injury is concerned, there has been substantial cost to the estate, especially how long this has prolonged in the administration of the estate itself. So there is an injury here to the estate as a creditor, as far as that's concerned. The bankruptcy court, when Judge Beckerman held that there was no debt, it was specific to the claims under 530... I'm sorry, Your Honor. It was specific to when she was 523A4 and A6. And those were the findings that Judge Beckerman was making. It was specifically to those claims. Then she moved forward to the 727A4 claims, saying that there is no debt did not expunge the proof of claim, nor was there any ruling from Judge Beckerman after that saying that we were no longer a creditor in the last standing. In fact, in her opinion, in order and decision that was entered, it said the complete opposite. It said that we were a creditor of this case when she made her findings under 727A4. And my apologies, Your Honor. I just lost my... Okay. And she made no specific findings as far as what's pending in the surrogate court as well. The opinion that was entered by Judge Cornell from the surrogate court was entered after the bankruptcy case was filed. It was currently stayed. We never actually filed a motion to lift the stay while this matter was pending. So everything was currently stayed. So as far as that decision on the motion for summary judgment that was made, technically that was stayed, but claims still survived even that decision, which would still be pending in the court. Judge Beckerman never made specific findings as to what was pending in the surrogate proceedings. She made specific findings as to our claims in the bankruptcy adversary proceeding itself. I'm sorry. What's the current status right now? So the current status right now is the case is still pending because the Chapter 7 trustee never fully administered the estate. So they have actually not closed out the 341 meeting. It has been continued. Right now, depending on what happens here, the trustee could decide basically to just close out the case. If they do not, then we would have to file a motion to lift the stay in order to proceed in the surrogate court because that case is still pending. And the amount roughly in controversy is $98,000? $100,000? It's more than that, Your Honor. I believe our proof of claim was for over $200,000. Okay. Which was listed on Schedule F as well by the appellant as disputed, but it was listed. I can get the approximate number. Yes, $200,000, Your Honor. Okay. And that is the main claim that was awarded by the surrogate's court, right? Plus, which is about $100,000. What's the other $100,000? So with interest, that has accrued.  Yes. Well, it's been a long time. It's been a long time, Your Honor. All right. Anything further? No, Your Honor. Thank you very much. Thank you. Mr. Lewis. Thank you, Your Honor. Your Honor, in this case, only two grounds were submitted for this claim, misappropriation and fraud. The judge recommended to dismiss them both. She also, as I stated before, all of the claims in the surrogate's court were mirrored in the adversary proceeding under 523. Those claims were all dismissed. The estate of Keon has not articulated exactly what claims survived. I don't think any have survived. There were only certain claims that were the subject of the bankruptcy judge's decision. And not all claims. It was all claims because other claims were dismissed on several charges. Where do I look for that? I'm sorry, Judge? How do I? Can you show me a document, show me something in that decision that tells me that it was all claims, including the other claims that were in surrogate's court? Well, the proof of claim. They're bound by the proof of claim. All it was was fraud and misappropriation. That's all it was. There's two claims there, and she dismissed both of those. And also, it's raised, and that finding is registered to CADA in the surrogate's court. So, and also, there were no jurisdictional findings by Judge Beckerman regarding any of this. Article 3, this was never discussed by Judge Beckerman and only mentioned by the district court, but, again, never addressed. Our position is there's no debt. If you don't have a debt, you can't have a claim. It's very simple. You need both of them to move on and get standing. In this case, they were divested of standing at the moment Judge Beckerman dismissed the 523 claims. Thank you very much. Thank you. We'll reserve the decision.